**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Robert J Anderson<br>Amber L Anderson<br><br>　　　　　　　　　　　Debtors.<br><br>Amber L Johnson,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Horry County,<br><br>　　　　　　　　　　　Defendant. | C/A No. 22-00147-DD<br><br>Adv. Pro. No. 22-80016-DD<br><br>Chapter 13<br><br>**ORDER GRANTING**<br>**MOTION TO DISMISS** |

This matter comes before the Court upon the Motion to Dismiss ("Motion") filed by Defendant Horry County (the "County") on May 23, 2022. The Motion was heard on June 21, 2022, and for the reasons stated below and on the record, the Motion is granted.

The debtor plaintiff Amber Johnson filed her complaint against the County and Republic Finance LLC on April 6, 2022, alleging violations of the automatic stay. Specifically, the Complaint points to actions taken by the Horry County Magistrate Court in sending plaintiff a notice of status conference and a summons for trial in a case that was pending prior to the filing of the plaintiff's bankruptcy petition and after the plaintiff's attorney notified the Magistrate Court of the bankruptcy case. Republic Finance filed an Answer to the Complaint and was thereafter dismissed as a party to the adversary proceeding, without prejudice, by Notice of Stipulated Dismissal. The County filed the Motion at issue on May 23 arguing that the Magistrate and staff

were entitled to judicial immunity and that the County should be dismissed as a party. The plaintiff filed an objection to the Motion on June 7, 2022.

A judge is entitled to absolutely immunity from a claim for damages arising out of his judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Magistrates are judicial officers. S.C. Code Ann. § 22-8-20. They are immune under the same conditions as other judges. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citing *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)).

The clerks and other courthouse staff working for the magistrate are immune from suit under like conditions. Subordinate employees are entitled to immunity when acting within the scope of their duties to the judge. "There exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); see also *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) ("court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction"); *Taylor v. Brooks*, No. CIV.A. 3:15-1138-RMG, 2015 WL 4274834, at *2 (D.S.C. July 14, 2015), aff'd, 627 F. App'x 206 (4th Cir. 2015) ("[i]t is well settled that the clerk and other staff member of the Court have a derivative of judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties"); *McCray v. State of Md.,* 456 F.2d 1, 5 (4th Cir. 1972). When acting within a judicial capacity, both the magistrate and staff are entitled to judicial immunity.

In order to determine whether a judge and the judicial staff are entitled to judicial immunity, the Court must evaluate two factors. "The first condition is that the judge's action cannot have been undertaken in the 'clear absence of all jurisdiction.'" *King* at 356 (4th Cir. 1992) (quoting *Stump*

*v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)). The question presented by the first factor is whether the judge has jurisdiction over the subject matter before him when the act took place. The scope of a judge's jurisdiction is construed broadly. *Id.* at 357 (citing *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978)). The second factor is that the action must be a "judicial act, which determination has two factors: "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *Id*.

    In this case, both factors are resolved in favor of judicial immunity. First, the magistrate was acting in a case within the jurisdiction of the court when notices were sent. The notice of status conference and summons for trial were sent to the debtor in connection with a small claims collection action. It is not contested that the debt collection action was within the judge's jurisdiction. While the plaintiff's attorney had notified the magistrate court of the bankruptcy petition, a judge "will not be deprived of immunity because the action he took was in error." *Stump v. Sparkman*, 435 U.S. 349, 349, 98 S. Ct. 1099, 1101, 55 L. Ed. 2d 331 (1978). The filing of the bankruptcy case stayed continuation of the action but did not deprive the magistrate of all jurisdiction. The magistrate and his staff were acting within the court's jurisdiction when sending notices in connection with a pending case.

    With regards to the second factor, setting a status conference and a trial are judicial acts. The time magistrates "spend in the performance of their official duties are hours spend in the exercise of their judicial function." S.C. Code Ann. § 22-8-20. Judges and clerk's staff routinely set status conferences and trial dates and send notices to the parties in cases. When the magistrate and his staff sent the notices of the status conference and trial, they were performing official duties and acting in a judicial capacity.

The magistrate and his staff are entitled to judicial immunity. The plaintiff instead sues the County for the actions of the magistrate and staff. There is not a sufficient nexus between the County and the magistrate court to impute liability to the County and override judicial immunity. Magistrates are part of the unified judicial system of South Carolina. *State ex rel. McLeod v. Crowe*, 272 S.C. 41, 46, 249 S.E.2d 772, 775 (1978). Pursuant to the South Carolina Code, magistrates are judicial officers appointed by the governor. S.C. Code Ann. §§ 22-1-10, 22-8-20. The state general assembly provides for the number and location of magistrates in each county, and the South Carolina Court Administration determines the eligibility of persons seeking appointment as magistrate. S.C. Code Ann. §§ 22-2-40, 22-2-5. Once appointed, the South Carolina Supreme Court may suspend or remove the magistrate pursuant to its rules for incapacity, misconduct, or neglect of duty. S.C. Code Ann. § 22-1-30. While the County pays the salary of the magistrate, the County does not set the compensation. "The determination of magisterial compensation cannot be delegated to the counties in light of Article V, Section 1 and Article VIII, Section 14(4 and 6) of the South Carolina Constitution and in light of legislative precedent." *Douglas v. McLeod*, 277 S.C. 76, 80, 282 S.E.2d 604, 606 (1981). The magistrate is a judicial officer of the state's judicial system. The magistrate is not an agent of the County for the purpose of the stay violation litigation.

Therefore, the Motion is granted, and the County is dismissed as a party. The adversary proceeding is dismissed.

IT IS SO ORDERED.

**FILED BY THE COURT**
**06/28/2022**

Entered: 06/28/2022

David R. Duncan
US Bankruptcy Judge
District of South Carolina